IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PLS IV, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00466-JRG |
| | § | |
| GDC TECHNOLOGY LIMITED, | § | |
| | § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Compel (the "Motion") filed by Plaintiff PLS IV, LLC ("PLS"). (Dkt. No. 39.) In the Motion, PLS asks the Court to compel Defendant GDC Technology Limited ("GDC") to produce "customer-specific information responsive to its Interrogatories Nos. 2-4 from December 2011 to June 2023." (*Id*. at 1.) Having considered the Motion and its related briefing, and for the reasons stated herein, the Court finds that it should be **GRANTED**.

**I.    BACKGROUND**

On June 21, 2024, PLS filed its Complaint. (Dkt. No. 1.) The Complaint pleads that GDC infringes four (4) of PLS's patents: U.S. Patent No. 6,785,815; U.S. Patent No. 7,340,602; U.S. Patent No. 7,406,603; and U.S. Patent No. 7,694,342 (collectively, the "Asserted Patents"). (*Id*. ¶ 4.) Each of the Asserted Patents discloses and claims methods of "controlling the use of digital content, using a set of criteria, through … software modules and computer systems." (*Id*. ¶ 14.)

PLS alleges that GDC has directly infringed and/or induced or contributed to patent infringement of the Asserted Patents by its design, manufacture, importation, sale, offer for sell, and use of products that comply with the Digital Cinema Initiatives standard (the "Accused Products"). (*Id*. ¶¶ 6–7, 21, 42–44, 58–60; Dkt. No. 40-1 at 2.)

On February 10, 2025, PLS served its First Set of Interrogatories on GDC. (Dkt. No. 39 at 2.) Interrogatories No. 2–4 (the "Interrogatories") seek information as to the sales of the Accused Products. (Dkt. No. 39-1 at 10–11.) The requested information includes: the identity and location of each customer of the Accused Products; whether GDC agreed to indemnify any customers in relation to the sale or provision of the Accused Products; information about each sale of any version of the Accused Products; and information about the activities and efforts GDC made to assist its customers in using the Accused Products (the "Customer Information"). (Dkt. No. 39-1 at 10–11.)

On March 21, 2025, GDC responded to the First Set of Interrogatories. (Dkt. No. 39 at 2.) Although GDC produced "every invoice since 2011 through January 2023," it did not provide the requested Customer Information. (Dkt. No. 40 at 2; Dkt. No. 39 at 2.) GDC then informed PLS that it "will not produce the names of its end user/customers or customer specific information [as] [s]uch information is not relevant and not proportional to the needs of the case." (Dkt. No. 39-3 at 1.)

## II.   ANALYSIS

The Parties dispute whether (a) the Customer Information is relevant to this case and (b) production of the Customer Information is proportional to the needs of the case. The Court addresses each issue in turn.

### *(a) Relevance*

PLS argues that the Customer Information bears on its (1) indirect infringement allegations and (2) damages analysis. (Dkt. No. 39 at 4–7.) As to (1) indirect infringement, PLS asserts that the requested information is germane to direct infringement by GDC's customers, a necessary predicate to finding indirect infringement. (*Id*. at 4–5.) As to (2) damages, PLS asserts that the

Customer Information bears on the Accused Products' usage frequency. (*Id*. at 6–7.) According to PLS, that frequency may impact the reasonable royalty analysis. (*Id*.)

GDC argues in response that the Customer Information has no relevance to PLS' indirect infringement and damages allegations. (Dkt. No. 40 at 1–4.) GDC points to PLS's contention that the Accused Products necessarily infringe the Asserted Patents by virtue of being compliant with the Digital Cinema Initiatives standard. (*Id*.) According to GDC, "customer names are not relevant" under this theory of infringement. (*Id*. at 2.)

The Court finds that the requested discovery is relevant. "A defendant's liability for indirect infringement ***must relate to [] identified instances*** of direct infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) (emphasis added); *see also Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 843 F.3d 1315, 1331 (Fed. Cir. 2016) ("'[t]o prevail under a theory of indirect infringement, [plaintiff] must first prove that the defendants' actions led to direct infringement'") (citations omitted). Here, GDC's customer information could reasonably lead to PLS identifying instances of direct infringement that are necessary to prove indirect infringement.

Accordingly, the Court finds that the customer information is within the scope of permissible discovery. *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020) (citation omitted).

### (b) Proportionality

GDC argues that the requested discovery is not proportional to the needs of the case for three reasons. (*Id*. at 6–8.) First, GDC states that the costs of the requested discovery substantially outweigh its benefits as the information is not relevant. (*Id*. at 6–7.) Second, GDC asserts that "there is good reason to believe that GDC's customers do not have" information as to the frequency

3

of usage of the Accused Products. (Dkt. No. 40 at 7.) According to GDC, that information comes from major Hollywood Studies, not GDC's customers. (*Id*. at 8.) Finally, GDC argues that PLS already has information about two (2) of GDC's customers, "Marcus & B&B," as PLS has sued those companies for infringing the Asserted Patents. (*Id*.)

The Court finds that GDC has not shown that production of the Customer Information is not proportional to the needs of the case. GDC overstates the scope of third-party discovery required to answer the Interrogatories. Also, GDC has redacted Customer Information from its production, suggesting that it already has the requested information. (Dkt. No. 39 at 5, n. 2.) In another example, GDC cites related cases to argue that PLS has the requested information, but the Court has issued a Protective Order in those cases. (Case No. 2:25-cv-00067, Dkt. No. 57.) That Protective Order prevents PLS from using information "produced pursuant to any discovery request" from being used outside of the related cases. (*Id*. ¶ 7.)

Accordingly, the Court finds that production of the Customer Information is proportional to the needs of the case.

### III.  CONCLUSION

For the reasons stated herein, the Court finds that the Motion should be and hereby is **GRANTED**. Accordingly, the Court **COMPELS** GDC to produce customer-specific information responsive to PLS's Interrogatories Nos. 2-4 from December 2011 to June 2023 (Dkt. No. 39-1) within **10 days** from the date of this Order.

**So ORDERED and SIGNED this 19th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE