**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| PLS IV, LLC,<br><br>　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>GDC TECHNOLOGY LIMITED,<br><br>　　　　　　*Defendant.* | Case No. 2:24-cv-466-JRG |

<u>**JOINT STIPULATION REGARDING THE AUTHENTICITY OF PRODUCED
DOCUMENTS AND TREATMENT OF THIRD-PARTY PRODUCTION
DECLARATIONS**</u>

Plaintiff PLS IV, LLC ("Plaintiff") and Defendant GDC Technology Limited ("Defendant"), by and through their undersigned counsel of record, hereby enter the following stipulation regarding certain documents produced in this case:

WHEREAS, Plaintiff and Defendant (together, the "Parties") have met and conferred in an effort to address evidentiary issues in advance of depositions;

WHEREAS, the parties have determined that it is in their mutual interest to avoid the significant and unnecessary burden and expense associated with the document-by-document authentication of documents, and that stipulating to the authenticity of ordinary documents will promote the orderly and efficient progress of the litigation; and

WHEREAS, the Parties agree that a stipulation as to the hearsay status of documents produced by third parties for which there are declarations establishing an adequate evidentiary foundation in advance of depositions and trial in this case will minimize burdens on third parties to this litigation and promote the orderly and efficient progress of the litigation.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the Parties as follows:

(1) Subject to the exceptions and limitations set forth below, all documents produced in this case by any party or third party are deemed to be authentic.

(2) Subject to the limitations set forth below, no Party shall object to the admissibility of any document produced in this case on the grounds of authenticity, or best evidence. The Parties reserve their rights to object to the admissibility of documents on any other grounds, including hearsay, relevance, prejudice, cumulativeness, or privilege.

(3) Documents produced by a third party in this case that are accompanied by an executed declaration establishing adequate evidentiary foundation for those documents are deemed

2

authentic and business records within the meaning of Federal Rule of Evidence 803(6) and the declaration shall be treated as though it was testimony obtained in deposition as to each document covered by the declaration. If the proposed third-party declaration was not served on all Parties with the subpoena or letter rogatory to the third-party, each Party that plans to obtain a declaration from a third-party shall provide that declaration to the other Party(ies) before execution, so that that Party/those Parties have at least two (2) business days to provide comments on the declaration and identify any objections to the adequacy or form of the declaration prior to execution by the third party. If no objections are made or the objections are resolved prior to execution of the declaration, the documents addressed by the declaration shall be deemed to qualify for this paragraph of the stipulation. If objections are made and not resolved, then the documents covered by the declaration shall not qualify for this paragraph of the stipulation and the Party(ies) seeking to introduce those documents shall have the right to take a custodial deposition addressing those documents, including after the discovery cut-off in this case, or call a custodial witness at trial.

(4) The Plaintiff and Defendant agree to facilitate obtaining declarations described above from third parties with whom they have a relationship (*e.g.* Marcus Theatres for Defendant and Intertrust for Plaintiff) to the extent necessary and requested by the other Party.

(5) Nothing herein shall preclude either Party from seeking relief from this stipulation, including as to the admissibility of any specific document, for good cause shown. If the Parties cannot agree as to the admissibility or authenticity of a specific document challenged pursuant to this paragraph, the Party seeking to establish the authenticity and admissibility of the document shall be permitted to take a custodial deposition to establish the authenticity or admissibility of that document with at least one-week of notice to the other side.

(6) Nothing herein shall affect the terms of any other court orders or stipulations or any

3

proceedings other than this case, and each Party expressly reserves all other rights.

**IT IS SO STIPULATED.**

DATED: November 18, 2025

Respectfully submitted,

*/s/  Tigran Guledjian by permission Claire Henry*
Tigran Guledjian
LEAD ATTORNEY
California State Bar No. 207613
tigranguledjian@quinnemanuel.com
Scott L. Watson
California State Bar No. 219147
scottwatson@quinnemanuel.com
Christopher A. Mathews
California State Bar No. 144021
chrismathews@quinnemanuel.com
Scott A. Florance
California State Bar No. 227512
scottflorance@quinnemanuel.com
Richard H. Doss
California State Bar No. 204078
richarddoss@quinnemanuel.com
Razmig Messerian
California State Bar No. 260142
razmesserian@quinnemanuel.com
Moon Hee Lee
California State Bar No. 318020
moonheelee@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone: (213) 443-3000
Fax: (213) 443-3100

Jordan B. Kaericher
State Bar No. 24132636
jordankaericher@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
3100 McKinnon St, Suite 1125
Dallas, TX 75201
Phone: (469) 902-3600
Fax: (469) 902-3610

Of Counsel:
Claire Abernathy Henry
State Bar No. 24053063

1

2

claire@millerfairhenry.com
Andrea L. Fair
State Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*ATTORNEYS FOR PLAINTIFF PLS IV, LLC*

2

/s/  *Paul V. Storm by permission Claire*
*Henry*
Paul V. Storm
State Bar No. 19325350
Email: pvstorm@foley.com
Rachel L. Gillespie
State Bar No. 24144005
Email: rgillespie@foley.com
**FOLEY & LARDNER LLP**
2021 McKinney Ave, Suite 1600
Dallas, TX 75201
Phone: 214.999.3000
Fax: 214.999.4667

Bradley D. Roush (*admitted pro hac vice*)
D.C. Bar No. 1020534
**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, D.C. 20007-5109
Phone: (202) 672-5300
Fax: (202) 672-5399
Email: broush@foley.com

Roland M. Potts (*admitted pro hac vice*)
FL Bar No. 87072
**FOLEY & LARDNER LLP**
2 S. Bicayne Blvd., Suite 1900
Miami, FL 33131-1832
Phone: (305) 482-8400
Fax: (305) 482-8600
Email: rpotts@foley.com

Michelle A. Moran
WI State Bar No. 1073953
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Phone: (414) 297-5629
Fax: (414) 297-4900
Email: mmoran@foley.com

*ATTORNEYS FOR DEFENDANT GDC*
*TECHNOLOGY LIMITED*

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service by email on this November 18, 2025.

*/s/ Claire Henry*

4