**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PLS IV, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00466-JRG |
| | § | |
| GDC TECHNOLOGY LIMITED, | § | |
| | § | |
| *Defendant.* | § | |

**<u>ORDER</u>**

Before the Court is the Joint Stipulation Regarding the Authentication of Produced Documents and Treatment of Third-Party Production Declarations (the "Stipulation") filed by Plaintiff PLS IV, LLC and Defendant GDC Technology Limited (the "Parties"). (Dkt. No. 60). In the Stipulation, the Parties stipulate as follows:

1)      Subject to the exceptions and limitations set forth below, all documents produced in this case by any party or third party are deemed to be authentic.

2)      Subject to the limitations set forth below, no Party shall object to the admissibility of any document produced in this case on the grounds of authenticity, or best evidence. The Parties reserve their rights to object to the admissibility of documents on any other grounds, including hearsay, relevance, prejudice, cumulativeness, or privilege.

3)      Documents produced by a third party in this case that are accompanied by an executed declaration establishing adequate evidentiary foundation for those documents are deemed authentic and business records within the meaning of Federal Rule of Evidence 803(6) and the declaration shall be treated as though it was testimony obtained in deposition as to each document covered by the declaration. If the proposed third-party declaration was not served on all Parties

with the subpoena or letter rogatory to the third-party, each Party that plans to obtain a declaration from a third-party shall provide that declaration to the other Party(ies) before execution, so that that Party/those Parties have at least two (2) business days to provide comments on the declaration and identify any objections to the adequacy or form of the declaration prior to execution by the third party. If no objections are made or the objections are resolved prior to execution of the declaration, the documents addressed by the declaration shall be deemed to qualify for this paragraph of the stipulation. If objections are made and not resolved, then the documents covered by the declaration shall not qualify for this paragraph of the stipulation and the Party(ies) seeking to introduce those documents shall have the right to take a custodial deposition addressing those documents, including after the discovery cut-off in this case, or call a custodial witness at trial.

4)     The Plaintiff and Defendant agree to facilitate obtaining declarations described above from third parties with whom they have a relationship (e.g. Marcus Theatres for Defendant and Intertrust for Plaintiff) to the extent necessary and requested by the other Party.

5)     Nothing herein shall preclude either Party from seeking relief from this stipulation, including as to the admissibility of any specific document, for good cause shown. If the Parties cannot agree as to the admissibility or authenticity of a specific document challenged pursuant to this paragraph, the Party seeking to establish the authenticity and admissibility of the document shall be permitted to take a custodial deposition to establish the authenticity or admissibility of that document with at least one-week of notice to the other side.

6)     Nothing herein shall affect the terms of any other court orders or stipulations or any proceedings other than this case, and each Party expressly reserves all other rights.

Having considered the Stipulation, and noting its joint nature, the Court hereby **ACKNOWLEDGES AND ACCEPTS** the Stipulation as described herein.

2

So ORDERED and SIGNED this 20th day of November, 2025.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE