**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| PLS IV, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GDC TECHNOLOGY LIMITED, <br><br> *Defendant.* | Case No. 2:24-CV-00466-JRG |

## <u>PLAINTIFF PLS IV, LLC'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF BRUCE L. BLACKER</u>

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  BACKGROUND .................................................................................................2

    A.  Mr. Blacker's Royalty Based on the ▮▮▮ Agreement ........................................2

    B.  Mr. Blacker's Royalty Based On The ▮▮▮▮▮ Agreement.......................2

    C.  Mr. Blacker's Reliance on FRE 408 Settlement Communications........................3

III.  LEGAL STANDARD...........................................................................................3

IV.  ARGUMENT........................................................................................................4

    A.  Mr. Blacker's Royalty Opinions Based On Using The ▮▮▮ Agreement As A Benchmark Should Be Stricken ...............................................4

        1.  Mr. Blacker Should Be Precluded From Relying On Information GDC Failed To Produce In Discovery...........................................4

        2.  Mr. Blacker Fails To Reliably Account For Differences Between The ▮▮▮ Agreement and Hypothetical Negotiation In Calculating His Royalty ...............................................................5

    B.  Mr. Blacker's Royalty Calculated Using The ▮▮▮▮▮ Agreement Is Unreliable And Should Be Excluded ...............................................8

        1.  GDC Offers No Reliable Evidence The ▮▮▮▮▮ Agreement Is Technologically Comparable To The Hypothetical Negotiation License ...............................................................8

        2.  Mr. Blacker's Royalty Excludes Infringement From The Royalty Base Without Any Basis ...............................................12

    C.  Mr. Blacker's Opinions Regarding ▮▮▮▮▮▮▮▮ Are Inadmissible Under Fed. R. Evid. 408...............................................13

    D.  Mr. Blacker's Opinions Regarding An Unconsummated Offer And A License He Does Not Opine To Be Comparable Should Be Stricken...................15

**RESTRICTED – ATTORNEYS' EYES ONLY**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
25 F.4th 960 (Fed. Cir. 2022) ........................................................................................5

*Ball v. LeBlanc*,
881 F.3d 346 (5th Cir. 2018) .......................................................................................13

*Biscotti Inc. v. Microsoft Corp.*,
2017 WL 2607882 (E.D. Tex. May 25, 2017).......................................8, 9, 11, 12, 15

*Cybergym Rsch. LLC v. ICON Health & Fitness, Inc.*,
No. 2:05-CV-527-DF, 2007 WL 9724238 (E.D. Tex. Oct. 7, 2007).......................14

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993)........................................................................................................4

*EcoFactor, Inc. v. Google LLC*,
137 F.4th 1333 (Fed. Cir. 2025) ....................................................................................6

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
No. 2:22-CV-00125-JRG, 2023 WL 8260866 (E.D. Tex. Nov. 28, 2023)................5

*Fenner Invs., LTD. v. Hewlett-Packard Co.*,
No. 6:08-CV-273, 2010 WL 3911372 (E.D. Tex. Apr. 16, 2010)....................10, 11

*Flexuspine, Inc. v. Globus Med., Inc.*,
No. 6:15-CV-201-JRG-KNM, 2016 WL 9276023 (E.D. Tex. July 6, 2016) .....................9, 10

*GREE, Inc. v. Supercell Oy*,
No. 2:19-CV-00311-JRG, 2021 WL 603726 (E.D. Tex. Feb. 16, 2021) ................5

*Jiaxing Super Lighting Elec. Appliance, Co. v. CH Lighting Tech. Co., Ltd*,
146 F.4th 1098 (Fed. Cir. 2025) ....................................................................................6

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012).....................................................................................8, 9

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009).................................................................................7, 9

*Lyondell Chem. Co. v. Occidental Chem. Corp.*,
608 F.3d 284 (5th Cir. 2010) .......................................................................................14

*MCI Commc'ns Servs., Inc. v. Hagan*,
    641 F.3d 112 (5th Cir. 2011) ...................................................................................13, 14

*Omega Patents, LLC v. CalAmp Corp.*,
    13 F.4th 1361 (Fed. Cir. 2021) .......................................................................................5

*Pioneer Corp. v. Samsung SDI Co.*,
    No. 2:06-CV-384 (DF), 2008 WL 11348480 (E.D. Tex. Oct. 15, 2008) ................................14

*Ramada Dev. Co. v. Rauch*,
    644 F.2d 1097 (5th Cir. 1981) ......................................................................................13

*Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010).............................................................................6, 7, 8

## Statutes

35 U.S.C. § 284...........................................................................................................12

## Other Authorities

Fed. R. Evid. 408 .......................................................................................................13

Fed. R. Evid. 408(a)(1) ...............................................................................................13

Fed. R. Evid. 408(a)(2) ...............................................................................................13

Fed. R. Evid. 702, Adv. Comm. Notes (2023)..................................................................4

Local Rules CV-7(i).....................................................................................................1

Local Rules CV-7(h).....................................................................................................1

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| A | ██████████████████████████ |
| B | ██████████████████████ (excerpted) |
| C | ████████████████████████████ [GDC-00107632] |
| D | April 7, 2020 Order from the Court granting Plaintiff Intertrust's Motion for Issuance of Letters Rogatory to Examine Persons and Produce Documents of GDC Technology Limited in *Intertrust Technologies Corp. v. Cinemark* 2:19-cv-00266-JRG (E.D. Tex.) (excerpted) [GDC-00076181] |
| E | ███████████████████████ [GDC-00075946] |
| F | ████████████████████████████ [GDC-00075959] |
| G | ████████████████████ [GDC-00075961] |
| H | ██████████████████ [GDC-00075988] |
| I | ████████████████████████ (excerpted) |
| J | Digital Cinema System Specification, dated October 10, 2012 (excerpted) [INTERTRUST02587367] |
| K | ████████████████████ (excerpted) |
| L | ██████████████████ (excerpted) |
| M | ████████████████████ (excerpted) |
| N | ████████████████████ (excerpted) |

iv

**FILED UNDER SEAL**

## I. INTRODUCTION

Mr. Blacker served a rebuttal damages report on behalf of defendant GDC ███████████. He found two agreements—the ███████████ Agreement and the ███████████ Agreement and—comparable to the hypothetical negotiation and used them to calculate two separate royalties. Mr. Blacker's royalty opinions should be stricken for the following reasons:

*First*, Mr. Blacker failed to reliably account for material differences between the ████ Agreement and the hypothetical negotiation, contrary to *EcoFactor*. █████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

*Second*, Mr. Blacker relies on a ███████████ Agreement but has no reliable evidence it is technologically comparable to the license resulting from the hypothetical negotiation, and does not rely on a technical expert for such an opinion. █████████████████████

███████████████████████████████████████

*Third*, Mr. Blacker's opinions regarding ███████████████████████ ████████████████████████ are inadmissible under Federal Rule of Evidence 408.

███████████████████████████████████████████

███████████████████████████████████████████

*Finally*, Mr. Blacker's "reasonableness check" opinions ███████████████ ████████████████████████ are unreliable and irrelevant.

**RESTRICTED – ATTORNEYS' EYES ONLY**

## II.    BACKGROUND

### A.    Mr. Blacker's Royalty Based on the ▮▮▮ Agreement

**One-Time Settlement Payment:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Market Share Adjustment Rate**: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Despite acknowledging this, Mr. Blacker did not adjust the market share he used to calculate his adjustment rate to account for that fact—deflating his royalty. *Id.* 141:9-142:9.

### B.    Mr. Blacker's Royalty Based On The ▮▮▮▮▮ Agreement

**Royalty Rate:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

███████████████████████████████████████████████████████████████

███████████████████████████████████

**Royalty Base**: ██████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

### C.    Mr. Blacker's Reliance on FRE 408 Settlement Communications

███████████████████████████████████████████████████████████████

████████████████████████████████████████ In early 2020, this Court ordered a letter rogatory to GDC in Intertrust's cases against AMC, Cinemark, and Regal so that Intertrust could use evidence regarding GDC's media blocks "to support its claims of patent infringement." Ex. D.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████

## III.    LEGAL STANDARD

The trial court performs an important "gatekeeping" function by ensuring that all expert

testimony satisfies Rule 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Rule 702(d) was recently "amended to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Fed. R. Evid. 702, Adv. Comm. Notes (2023).

## IV.    ARGUMENT

### A.    Mr. Blacker's Royalty Opinions Based On Using The ▮▮▮ Agreement As A Benchmark Should Be Stricken

Mr. Blacker has no reliable basis to adjust the ▮▮▮ payment (which he admits is necessary) and even the unreliable information he relies on was not produced in discovery.

#### 1.    Mr. Blacker Should Be Precluded From Relying On Information GDC Failed To Produce In Discovery



Mr. Blacker admitted that ▮▮▮

Despite its claimed relevance, GDC did not produce any documents or data from which ▮▮▮ were sourced during discovery, despite its affirmative obligation to produce this relevant information it intended to rely on. Dkt. 22 (Discovery Order) ¶ 3(b); Dep. 153:18-154:4. ▮▮▮

That document clearly should have been produced— the failure to do so should preclude Mr. Blacker from relying on Dr. Chong's say-so.

Courts in this district routinely strike expert opinions, including opinions on comparable licenses, based on facts that are not timely disclosed and are identified for the first time in rebuttal

reports. *See, e.g., Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 8260866, at \*4 (E.D. Tex. Nov. 28, 2023) (granting motion to strike portion of expert report discussing agreement because "Entropic ha[d] been deprived of discovery regarding the license"); *GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00311-JRG, 2021 WL 603726, at \*3 (E.D. Tex. Feb. 16, 2021) (granting motion to strike portion of report relating to information not disclosed during fact discovery). There is no excuse for GDC's failure to disclose and it is highly prejudicial as Plaintiff did not depose GDC's CEO, Dr. Chong, on this information or take other discovery into GDC's ███████.

###### 2. Mr. Blacker Fails To Reliably Account For Differences Between The ████ Agreement and Hypothetical Negotiation In Calculating His Royalty

When a comparable license is used to calculate a royalty, the expert must "adequately account for substantial 'distinguishing facts' between the proffered licenses and hypothetical negotiation." *Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1380 (Fed. Cir. 2021); *see also Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 971 (Fed. Cir. 2022) ("When relying on comparable licenses to prove a reasonable royalty, we require a party to account for differences in the technologies and economic circumstances of the contracting parties.").

Mr. Blacker fails to reliably account for ████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████

████████████████████████████████

█████████████████████████████████████



Mr. Blacker has no basis to conclude

The Federal Circuit has recently held that where a damages expert relies on only the say-so of its client to calculate a royalty from an allegedly comparable license, the royalty opinion should be excluded. *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1344 (Fed. Cir. 2025); *see also Jiaxing Super Lighting Elec. Appliance, Co. v. CH Lighting Tech. Co., Ltd*, 146 F.4th 1098, 1111 (Fed. Cir. 2025) (on remand for a new trial, "district court should consider the reliability of Ms. Kindler's expert testimony in light of *EcoFactor*, with a particular focus on whether she reasonably relied on [the] kinds of facts or data in forming an opinion that would be reasonably relied upon by an expert in her field"). The *EcoFactor* Court held the party's CEO's testimony insufficient to sustain damages expert's methodology under Rule 702 because the CEO "referenced no evidentiary support" and therefore it "amount[ed] to an unsupported assertion from an interested party" that "cannot provide a sufficient factual basis" for a royalty opinion. *Id.* at 1344-45; *see also Jiaxing Super Lighting*, 146 F.4th at 1111 ("testimony as to a hypothetical negotiation that is based on prior licenses must be supported by sufficient facts or data"). The unsupported assertions of GDC's CEO likewise cannot provide a sufficient basis to provide the admittedly-necessary adjustment to the ▮▮▮ Agreement.

Moreover, without reliable market share or sales data that allows for an adjustment, a lump sum license offers "little more than a recitation of royalty numbers." *Wordtech Sys., Inc v.*

*Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) (quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009)). In *Wordtech*, the Federal Circuit found that a lump sum license could not support a damages award and was "based only on speculation or guesswork" where there was "no basis for comparison with [defendant's] infringing sales." *Id.* at 1320. The Federal Circuit found that if "Wordtech's previous licensee paid $350,000 to produce one thousand devices, for example, [defendant] would not have agreed ex ante to pay $250,000 if it expected to make only fifty-six units." *Id.* The Federal Circuit thus found the license insufficient to support the damages verdict. *Id.* at 1322. The identical logic applies here. ███████████ ███████████████████████████████████████████ but there is no competent evidence on which to do so.

Moreover, even if Mr. Blacker's ███████ "evidence" were sufficient, he admits that ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████ Thus, Mr. Blacker's numbers necessarily distort any comparative information that can be drawn from the ███ agreement in GDC's favor.

7

Neither Mr. Blacker nor GDC can provide the jury any assurance that the "adjustment factor" Mr. Blacker applied to the payment in the ▆▆▆ Agreement is supported by evidence instead of "based only on speculation or guesswork." *Wordtech*, 609 F.3d at 1322. Absent reliable market share data and a reliable basis to adjust the royalty amount based on that data, Mr. Blacker's analysis based on the ▆▆▆ agreement should be excluded. *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2607882, at *4 (E.D. Tex. May 25, 2017) (excluding opinion on allegedly comparable licenses where "there are substantial economic differences" that the expert "should have accounted for" and "[f]ailure to do so warrants exclusion").

**B.    Mr. Blacker's Royalty Calculated Using The ▆▆▆▆▆ Agreement Is Unreliable And Should Be Excluded**

Mr. Blacker's royalty based on the ▆▆▆▆▆ Agreement is unreliable because (1) GDC fails to establish technological comparability of this non-patent license, and (2) his exclusion of alleged infringing units from the royalty base is contrary to the requirement infringement is assumed.

**1.    GDC Offers No Reliable Evidence The ▆▆▆▆▆ Agreement Is Technologically Comparable To The Hypothetical Negotiation License**

Mr. Blacker's use of the ▆▆▆▆▆ Agreement to calculate a royalty rate is unreliable because GDC fails to establish the technology licensed in that agreement is comparable to the technology enabled by the Asserted Patents. The technology licensed in an agreement must be comparable to the technology in the patents-in-suit in order for the agreement to serve as a reliable benchmark to calculate a reasonable royalty. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("[A]lleging a loose or vague comparability between different technologies or licenses does not suffice."); *Wordtech*, 609 F.3d at 1320 ("[C]omparisons of past licenses to the infringement must account for the technological and economic differences between them."); *Biscotti,* 2017 WL 2607882, at *3 (E.D. Tex. May 25, 2017) ("[W]hen relying on past

licenses to support an opinion regarding a reasonable royalty reached through a hypothetical negotiation, a damages expert must opine on both the technological and economic comparability of such past licenses."). The Federal Circuit has held that a patentee's reliance on various licenses in the same general computer field without proving a relationship to the patented technology of the accused products is insufficient as a matter of law. *Lucent Techns., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327-28 (Fed. Cir. 2009). Admitting royalty opinions based on licenses without requiring a demonstration of technical comparability at the *Daubert* stage risks allowing a party to manipulate "the reasonable royalty analysis with conveniently selected licenses without [a] . . . link to the technology in question." *LaserDynamics*, 694 F.3d at 79-80. Testimony regarding a royalty is properly excluded where technological comparability of the benchmark license is not established. *See Biscotti*, 2017 WL 2607882, at *3-*4 (granting motion to exclude damages expert's testimony based on license where requisite testimony analyzing the technological comparability of the license was not provided); *Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-CV-201-JRG-KNM, 2016 WL 9276023, at *5 (E.D. Tex. July 6, 2016) (excluding testimony related to a license where damages expert "did not provide adequate support for his conclusion" it "involved technology sufficiently comparable to the patents-in-suit").

The ▮▮▮▮▮▮▮▮ Agreement is not a patent license at all, yet Mr. Blacker concludes it is comparable to the hypothetical negotiation and uses the rate in it to calculate a royalty without any support that it is in fact technologically comparable. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ he has no basis to analyze whether the licensed ▮▮▮▮▮ technology is comparable. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Nor does Mr. Blacker rely on any other evidence that would allow him to reliably

establish technological comparability. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████

Nor is Mr. Blacker's statement, without any analysis, ████████████████████

██████████████ sufficient to establish comparability. *See* Rep. ¶ 168; *see Flexuspine*, 2016 WL 9276023, at *5 (comparability analysis consisting of assertion the patents were "in the same field of use and relate to the same types of products" insufficient); *Fenner Invs., LTD. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 3911372, at *2 (E.D. Tex. Apr. 16, 2010) (simply stating understanding that "technology is in the same field of technology as are the Patents-in-Suit" based on an interview with technical expert insufficient to establish comparability).

The only competent technical evidence confirms that the two technologies are not comparable. **Both** parties' digital cinema experts, who have technical degrees, agree on this.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

The testimony provided by Mr. Blacker and Mr. Pierce in their reports ████████████ to the testimony provided by the damages and technical experts in *Biscotti*, 2017 WL 2607882, at *3 and requires exclusion ██████████████. There, the damages expert "provides no testimony regarding the technological comparability of the HDMI licenses [and] conceded as much in her deposition." *Id.* The defendant asserted the damages expert's reliance on the technical expert's analysis of technological comparability was sufficient. The Court disagreed:

> While [the damages expert] is indeed entitled to rely on this portion of the report, the Court fails to see where [the technical expert] has provided any analysis on the

11

technological comparability of the HDMI licenses. [The technical expert's] analysis focuses on the value the HDMI standard brings to the Xbox products, and includes a one-sentence conclusion that the HDMI standard is more valuable than the '182 patent. If anything, such analysis is more akin to an economic evaluation than a technological one. While the comparability of previous licenses is generally fertile ground for cross-examination, a complete failure to provide any analysis regarding technological comparability warrants exclusion.

*Id.* ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ it would be

insufficient as Mr. Pierce's "one-sentence conclusion that the [████████████████████

██████████████████████ ] . . . [ █ ] a complete failure to provide any analysis regarding

technological comparability warrants exclusion." *Biscotti*, 2017 WL 2607882, at *3.

### 2. Mr. Blacker's Royalty Excludes Infringement From The Royalty Base Without Any Basis

Mr. Blacker excludes infringing uses of the patents-in-suit from his royalty ██████

███████████████████████████████████████████████████████████████

███████████████████████████████ Mr. Blacker's methodology is contrary to the well-

established legal requirement that a damages expert assume infringement. ███████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████ It is undisputed GDC must compensate PLS for

infringement that occurs during the damages period. 35 U.S.C. § 284. ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

12



This limitation is contrary to law and renders his royalty unreliable.

**C.    Mr. Blacker's Opinions Regarding** ███████████████████ **Are Inadmissible Under Fed. R. Evid. 408**

██████████████████████████████████████

██████████████████████████████████████

████████  The Court should strike Mr. Blacker's references to ████████████████ ████ because they are inadmissible evidence of "compromise offers and negotiation" that GDC seeks to use "to prove or disprove the . . . amount of [the] disputed claim." Fed. R. Evid. 408.

Federal Rule of Evidence 408 "precludes admitting any 'conduct or . . . statement made during compromise negotiations about the claim' 'to prove or disprove the validity or amount of a disputed claim.' " *Ball v. LeBlanc*, 881 F.3d 346, 354 (5th Cir. 2018) (quoting Fed. R. Evid. 408(a)(2)). It also precludes admitting any evidence "furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim." Fed. R. Evid. 408(a)(1). "This rule 'is designed to encourage settlements by fostering free and full discussion of the issues.' " *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011) (quoting *Ramada Dev. Co. v. Rauch*, 644 F.2d

1097, 1106 (5th Cir. 1981)). "Litigation does not need to have commenced for Rule 408 to apply . . . ." *MCI Commc'ns Servs.*, 641 F.3d at 117 (quoting *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295, n. 38 (5th Cir. 2010)) (internal quotation marks omitted).

An expert's opinions are properly excluded to the extent they rely on offers or statements inadmissible under Rule 408. *See Cybergym Rsch. LLC v. ICON Health & Fitness, Inc.*, No. 2:05-CV-527-DF, 2007 WL 9724238, at *5 (E.D. Tex. Oct. 7, 2007) (striking portion of damages report to the extent it relied on offers "made in the course of licensing or settlement negotiations" inadmissible under FRE 408). Expert witnesses are also properly precluded from mentioning, referring to, or attempting to introduce evidence inadmissible under Rule 408. *See Pioneer Corp. v. Samsung SDI Co.*, No. 2:06-CV-384 (DF), 2008 WL 11348480, at *2 (E.D. Tex. Oct. 15, 2008) (negotiations relied on by damages expert inadmissible at trial where parties "had already retained outside counsel and were marking their materials in a manner that contemplated future litigation").

█████████████████████████████████████████ fall squarely within the type of evidence precluded under Rule 408. ██████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

The statements on which Mr. Blacker relies ████████████████████████████████

██████████████████████ and therefore they are inadmissible under Rule 408. All of Mr.

Blacker's references █████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████

### D.    Mr. Blacker's Opinions Regarding An Unconsummated Offer And A License He Does Not Opine To Be Comparable Should Be Stricken

The Court should strike Mr. Blacker's opinions on an unconsummated offer between

█████████████████████████████████████ and a license agreement between ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Because he has not established comparability, he may not rely on these offers/agreements for

damages and his opinions should be stricken. *Biscotti*, 2017 WL 2607882, at *3 ("[W]hen relying

on past licenses to support an opinion regarding a reasonable royalty reached through a

hypothetical negotiation, a damages expert must opine on both the technological and economic

comparability of such past licenses.").

15

DATED: January 27, 2026

/s/ *Tigran Guledjian*

Tigran Guledjian
LEAD ATTORNEY
California State Bar No. 207613
tigranguledjian@quinnemanuel.com
Scott L. Watson
California State Bar No. 219147
scottwatson@quinnemanuel.com
Christopher A. Mathews
California State Bar No. 144021
chrismathews@quinnemanuel.com
Scott A. Florance
California State Bar No. 227512
scottflorance@quinnemanuel.com
Richard H. Doss
California State Bar No. 204078
richarddoss@quinnemanuel.com
Razmig Messerian
California State Bar No. 260142
razmesserian@quinnemanuel.com
Moon Hee Lee
California State Bar No. 318020
moonheelee@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone: (213) 443-3000
Fax: (213) 443-3100

Jordan B. Kaericher
State Bar No. 24132636
jordankaericher@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
3100 McKinnon St, Suite 1125
Dallas, TX 75201
Phone: (469) 902-3600
Fax: (469) 902-3610

Of Counsel:
Claire Abernathy Henry
State Bar No. 24053063
claire@millerfairhenry.com

16

Andrea L. Fair
State Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*ATTORNEYS FOR PLAINTIFF PLS IV, LLC*

17

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 27, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

DATED: January 27, 2026                    */s/  Tigran Guledjian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal because it contain material designated RESTRICTED – ATTORNEYS' pursuant to the Protective Order entered in this matter (Dkt. No. 26).

DATED: January 27, 2026                    /s/  *Tigran Guledjian*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I certify that Plaintiff PLS IV has complied with the requirements of Local Rule CV-7(h), and that the motion is opposed. Counsel for PLS IV and Defendant met and conferred by video conference on January 27, 2026. The parties discussed their respective positions, but they were unable to reach agreement regarding the issues identified in this Motion. The parties are at an impasse. Defendant opposes this motion.

DATED: January 27, 2026                    */s/  Tigran Guledjian*

**RESTRICTED – ATTORNEYS' EYES ONLY**