**FILED UNDER SEAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PLS IV, LLC,

*Plaintiff*,

v.

GDC TECHNOLOGY LIMITED,

*Defendant.*

Case No. 2:24-CV-00466-JRG

**PLAINTIFF PLS IV, LLC'S MOTION TO STRIKE PORTIONS OF
THE EXPERT OPINIONS AND TESTIMONY OF GERALD H. PIERCE**

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................................1

II.    LEGAL STANDARD.........................................................................................................2

III.   ARGUMENT ......................................................................................................................2

      A.     The Court Should Strike Mr. Pierce's *Ipse Dixit* Opinions. ...................................2

      B.     The Court Should Strike Mr. Pierce's Improper Fact Witness Testimony..............6

      C.     The Court Should Strike Mr. Pierce's Impermissible Expert Testimony as to Third Parties' Mental States and Contract Interpretation. ...............................10

      D.     The Court Should Strike Mr. Pierce's Irrelevant Testimony About Affirmative Defenses GDC Has Not Asserted. .......................................................11

CONCLUSION..............................................................................................................................12

CERTIFICATE OF SERVICE ......................................................................................................15

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

**Page**

### Cases

*Amica Mut. Ins. Co. v. Moak*,
    55 F.3d 1093 (5th Cir. 1995) ...................................................................................11

*Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*,
    No. 4:22-cv-93, 2023 WL 12098402 (E.D. Tex. July 5, 2023) ..................................9

*Biscotti Inc. v. Microsoft Corp.*,
    No. 213CV01015JRGRSP, 2017 WL 2607882 (E.D. Tex. May 25, 2017) ..............4

*BMC Software, Inc. v. ServiceNow, Inc.*,
    No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ........................6

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)...............................................................................................2, 12

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997).................................................................................................5, 6

*Gree, Inc. v. Supercell Oy*,
    No. 219CV00071JRGRSP, 2020 WL 4059550 (E.D. Tex. July 20, 2020)..............10

*Hernandez v. Poveda*,
    No. 24-20492, 2025 WL 2206973 (5th Cir. Aug. 4, 2025) .......................................9

*Hilltop Church of Nazarene v. Church Mut. Ins. Co.*,
    No. 6:21-CV-00322, 2022 WL 17823931 (E.D. Tex. Dec. 20, 2022) ......................5

*Hodges v. United States*,
    597 F.2d 1014 (5th Cir. 1979) ..................................................................................9

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012)....................................................................................3

*McNabney v. Lab'y Corp. of Am.*,
    153 F. App'x 293 (5th Cir. 2005) .............................................................................5

*Moore v. International Paint, L.L.C.*,
    547 F.Appx.513 (5th Cir. 2013)................................................................................8

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
    30 F.4th 1339 (Fed. Cir. 2022) ................................................................................9

**RESTRICTED – ATTORNEYS' EYES ONLY**

<span style="color:red">**FILED UNDER SEAL**</span>

*Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*,
No. 5:05-CV-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) .......................................10

*Retractable Techs, Inc. v. Abbott Labs., Inc.*,
No. 5:05-CV-157, 2010 WL 11531183 (E.D. Tex. June 18, 2010) .......................................10

*Slaughter v. Southern Talc Co.*,
919 F.2d 304 (5th Cir. 1990) ...............................................................................................4

*Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*,
No. CIV.A. 9:06-CV-151, 2009 WL 5842063 (E.D. Tex. Mar. 30, 2009) .............................10

*U.S. All. Grp., Inc. v. Cardtronics USA, Inc.*,
645 F. Supp. 3d 554 (E.D. La. 2022)..............................................................................4, 6, 8, 9

*Watkins v. Telsmith, Inc.*,
121 F.3d 984 (5th Cir. 1997) ...............................................................................................2

## <u>Other Authorities</u>

Fed. R. Civ. P. 26(a)(1)(A) ....................................................................................................1, 2, 7

Fed. R. Civ P 26(b)(4).................................................................................................................7

Fed. R. Civ. P. 37(b)(2)...............................................................................................................9

Fed. R. Civ. P. 37(c)(1)................................................................................................................9

Fed. R. Evid. 702 .....................................................................................................................2, 12

Fed. R. Evid. 702(a) .....................................................................................................................12

Rule 26 ..........................................................................................................................................9

Rule 26(a)......................................................................................................................................9

Rule 702 ....................................................................................................................................2, 12

Rule 702(d) ...................................................................................................................................2

<span style="color:red">**RESTRICTED – ATTORNEYS' EYES ONLY**</span>

**FILED UNDER SEAL**

**TABLE OF EXHIBITS**

| Ex. | Description |
|-----|-------------|
| A | ████████████████████ |
| B | ████████████████████████ |
| C. | INTERTRUST02587367 (DCSS 2012) |
| D | December 5, 2024 PLS IV's Initial and Additional Disclosures |

1

**RESTRICTED – ATTORNEYS' EYES ONLY**

## I.    INTRODUCTION

Mr. Pierce served a rebuttal report on behalf of Defendant GDC ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████    Portions of Mr. Pierce's opinions should be stricken

for the following reasons:

*First*, Mr. Pierce offers ipse dixit opinions about ████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████    These opinions are not supported by any reliable evidence or expert

analysis and should be stricken.

*Second*, Mr. Pierce should be foreclosed from offering ***factual*** testimony about ██████

██████ because GDC never disclosed Mr. Pierce as a fact witness, as this Court requires.  Having

deprived PLS IV of an opportunity to take fact discovery regarding any such "discoverable

information" Mr. Pierce may possess, this Court's Discovery Order and Fed. R. Civ. P. 26(a)(1)(A)

bar Mr. Pierce from presenting late-disclosed fact testimony to the jury under the guise of expert

testimony.  ████████████████████████████

*Third*, Mr. Pierce offers opinions that are improper subjects for expert testimony under

well-established law and should be stricken:  ████████████████████████████

1



and (2) contract interpretation, ████████

**Fourth,** Mr. Pierce's Report contains irrelevant opinions in support of unspecified affirmative defenses ███████████████████ that GDC never asserted in its Answer or otherwise. ███████████ GDC's untimely attempt to introduce these affirmative defenses for the first time through Mr. Pierce's Report is improper and these opinions should be stricken.

## II.    LEGAL STANDARD

The trial court performs an important "gatekeeping" function by ensuring that all expert testimony satisfies Rule 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Rule 702(d) was recently "amended to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Fed. R. Evid. 702, Adv. Comm. Notes (2023).

Further, this Court ordered the parties to disclose fact witnesses (*i.e.*, the "persons having knowledge of relevant facts") by providing "a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of information known by each person." by December 5, 2024. *See* Discovery Ord., Dkt. 22 ¶ 1(d); Docket Control Ord., Dkt. 23 at 5; *see also* Fed. R. Civ. P. 26(a)(1)(A).

## III.    ARGUMENT

### A.    **The Court Should Strike Mr. Pierce's *Ipse Dixit* Opinions.**

This Court's "gatekeeping role" under Federal Rule of Evidence 702 includes "ensur[ing] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 580, 597; *see also Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). The reliability prong mandates that expert opinion be "ground[ed] in the methods and procedures of science" and be "more than subjective belief or unsupported speculation.'" *Daubert*,

2

509 U.S. at 589-90. Mr. Pierce's Report contains opinions that fall short of this requirement. *See*

███████████████████████████████████████████████

***Ipse Dixit on Comparability of Distinct Technologies.***   ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████   Technological

comparability to the technology in the patents-in-suit requires more than simply saying it is so.

*See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("[A]lleging

a loose or vague comparability between different technologies or licenses does not suffice.").

Mr. Pierce does not provide any reliable support or analysis to support this bare-bones

comparability opinion.

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████

The sole basis for Mr. Pierce's conclusion ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████[1]  ███

_____

[1] ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

3

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ Mr. Pierce's one sentence statement in his Report, without any analysis or explanation, ████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████ is insufficient to establish technological comparability. A "one-sentence conclusion that the [███████████████████ ██████████████████████] … [█] a complete failure to provide any analysis regarding technological comparability [and] warrants exclusion." *Biscotti Inc. v. Microsoft Corp.*, No. 213CV01015JRGRSP, 2017 WL 2607882, at *3 (E.D. Tex. May 25, 2017).  The Court should strike Mr. Pierce's opinion ██████████████████████████████████ ████████ as it constitutes "'nothing more than bare conclusions' … [that] offer no value to the trier of fact." *U.S. All. Grp., Inc. v. Cardtronics USA, Inc.*, 645 F. Supp. 3d 554, 559, 561 (E.D. La. 2022) (citing *Slaughter v. Southern Talc Co.*, 919 F.2d 304, 307 (5th Cir. 1990)).

*Ipse Dixit on the Relative Importance of* ████████████████ ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████ This opinion is not based on any factual support, analysis, or methodology.

Likewise, he does not provide any support for his opinion ████████████████████

███████████████████████████████████████████████ He

4

performed no analysis, cites to no record evidence or piracy studies, and fails to consider that

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Failure to consider

alternative hypothesis and total lack of any analysis or methodology are telltale signs of

impermissible *ipse dixit* opinion. *See McNabney v. Lab'y Corp. of Am.*, 153 F. App'x 293, 295

(5th Cir. 2005) (excluding expert for not "consider[ing] and exclud[ing] other possible causes

….");  *Hilltop Church of Nazarene v. Church Mut. Ins. Co.*, No. 6:21-CV-00322, 2022 WL

17823931 (E.D. Tex. Dec. 20, 2022) (finding that expert's opinions were unreliable because they

"failed to exclude other" occurrences); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)

("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit

opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

**Ipse Dixit on the Relative Importance of the** ███████  Mr. Pierce also opines that

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████  This too is not supported by evidence or analysis; it is

merely Mr. Pierce's unsupported opinion ████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

Likewise, Mr. Pierce lacks any basis to offer testimony ████████████████████

██ ██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████ Because Mr. Pierce's expert testimony "'offers little more than personal assurances based on his [professional] experience that his conclusions are so'" it should be stricken. *U.S. All. Grp., Inc.*, 645 F. Supp. at 561 (citing *Hathaway*, 507 F.3d at 318); *see also Gen. Elec. Co*, 522 U.S. at 146 ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at *2 (E.D. Tex. Feb. 1, 2016).

The Court should strike Mr. Pierce's *ipse dixit* opinions in ¶¶ 5(e) & (g), 34, 42 (as well as ¶¶ 4, 24-26, 30, 32, 35-36, 38-41, 44, 47, 52-54) that are not supported by any evidence, analysis, or reliable methodology.

B.    **The Court Should Strike Mr. Pierce's Improper Fact Witness Testimony.**

Although Mr. Pierce purports to offer rebuttal expert testimony ████████████████

███████████████████████████████████████ both Mr. Pierce's Report

6

and deposition testimony make clear his intention is to provide extensive ***fact*** testimony about how

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ None of this

information was obtained ████████ during fact discovery.  Instead, and as Mr. Pierce confirmed

at his deposition, ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████ Mr. Pierce's Report and deposition testimony make clear that he is an

undisclosed facts witness with "relevant facts" and that he intends to offer those facts at trial

despite those facts, and Mr. Pierce's knowledge of those facts, never having been disclosed to PLS

during discovery.  *See* Discovery Ord., Dkt. 22 at ¶ 1(d).

The Discovery Order required the parties to disclose fact witnesses (*i.e.*, the "persons

having knowledge of relevant facts") by December 5, 2024.  *See id.*; Docket Control Ord., Dkt. 23

at 5; Fed. R. Civ. P. 26(a)(1)(A).  But GDC never disclosed Mr. Pierce as a fact witness in

accordance with the Court's Order.[2]  GDC only disclosed Mr. Pierce as a rebuttal expert.  Ex. E

(1/8/26 Email from P. Storm).  GDC cannot circumvent the Court's order by re-characterizing Mr.

Pierce's ██████████████████████████████████████████████████████████████████

████████ *See* Advisory Committee Note to 1970 Amendments to Fed. R. Civ. P 26(b)(4)

("[E]xpert[s] whose information was [] acquired ... because [they] w[ere] an actor or viewer ...

---

[2]  By contrast, PLS IV complied with the Court's Order and disclosed its industry expert, Michael Karagosian, well over a year ago as a fact witness knowledgeable about "[c]inema history and development of cinema technology and DCI specifications."  Ex. D (12/5/24 PLS IV Initial Disclosures) at 4.

should be treated as [] ordinary witness[es].").  Where the record is silent, the expert "may not 'overcome th[e] evidentiary lack' with 'the furtive inclusion ... of supposed facts not in the record,'" *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x. 513, 516 (5th Cir. 2013) (quoting *Hathaway*, 507 F.3d at 318-19), and certainly may not "simply recite[] ... [a party's] own version of the facts," *U.S. All. Grp., Inc.*, 645 F. Supp. 3d at 561 (testimony that is "no more than a party's testimony dressed up and sanctified as the opinion of an expert" not admissible (cleaned up)); *U.S. v. Mix*, No. CRIM.A. 12-171, 2013 WL 3995262, at *5 (E.D. La. Aug. 5 2013) ("[m]atter[s] of fact" are "not properly the subject of expert testimony"); ███████████████

But that is precisely what GDC is intending to do here: have Mr. Pierce offer factual testimony based on his personal knowledge and experience ████████████████████. *See*

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████[3]

Mr. Pierce is the **sole** source of these purported facts.  He identifies no facts in the record or deposition testimony to corroborate his █████████  It is undisputed that GDC failed to disclose Mr. Pierce as a fact witness.  To allow this testimony would permit GDC to flout the underlying purpose of Rule 26(a), which is designed to provide each party early notice of "all persons who ... are likely to have discoverable information relevant to the factual disputes between the parties."  *See* Advisory Committee Note to 1993 Amendments to Fed. R. Civ. P. 26(a).

Accordingly, this Court should strike ¶¶ 4, 5(f), 20-23, 25-27, 33, 38, 39, 45-46, 49, 52-54 of the Report "as a means of enforcing [its] pretrial order."  *Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, No. 4:22-cv-93, 2023 WL 12098402, at *1 (E.D. Tex. July 5, 2023) (citing *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979); Fed. R. Civ. P. 37(b)(2)); Fed. R. Civ. P. 37(c)(1); *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1354 (Fed. Cir. 2022) (affirming exclusion of "expert report (served after the close of fact discovery)" when the report incorporated facts "never disclosed ... during fact discovery" and when the expert was "[n]ever identif[ied] ... as a potential fact witness"); *Hernandez v. Poveda*, No. 24-20492, 2025 WL 2206973, at *7 (5th Cir. Aug. 4, 2025) (affirming exclusion of a fact witness not in Rule 26 disclosures).

---

[3]  Mr. Pierce's testimony about the internal decision-making processes at third-party DCI would be particularly prejudicial because he will present these "facts" while wearing an expert's hat. *See U.S. All. Grp., Inc.*, 645 F. Supp. 3d at 561.

C.      **The Court Should Strike Mr. Pierce's Impermissible Expert Testimony as to Third Parties' Mental States and Contract Interpretation.**

Even if the Court concludes that Mr. Pierce may provide ***factual*** testimony, he should not be permitted to testify about what ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

None of this intended testimony is proper.  Mr. Pierce has no basis to offer testimony as to ███████████████████ states of mind.  *See Retractable Techs, Inc. v. Abbott Labs., Inc.*, No. 5:05-CV-157, 2010 WL 11531183, at *4 (E.D. Tex. June 18, 2010) (excluding expert testimony on a corporation's "demeanor and conduct" because it "is more appropriate[ly] ... presented as fact testimony from a corporate representative or other fact witness[.]").  It is well-established that "intent, motives or states of mind of corporations ... have no basis in any relevant body of knowledge or expertise."  *Gree, Inc. v. Supercell Oy*, No. 219CV00071JRGRSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020) (quoting *Retractable Techs. Inc. v. Abbott Lab'ys, Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010)).  Such testimony is "not likely to be helpful," as the "determination [of motive or intent] is the province of the jury."  *Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL 5842063, at *4 (E.D. Tex. Mar. 30, 2009).

Mr. Pierce's state of mind testimony should also be stricken because it is unreliable.

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████    Mr. Pierce's experiences ███████████████████████████████████

████████████████████████████████████████    cannot provide sufficient personal

knowledge or foundation for him to offer fact testimony about ████████████████████

████████████████████████████████ ; nor does it provide a reliable, non-speculative basis

for him to provide expert testimony on the same.

Likewise, the Court should strike Mr. Pierce's opinions on contract interpretation.

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████    This, too, runs afoul of well-established principles that the

"interpretation of a contract is a question of law for the court," not a hired expert. *Amica Mut. Ins.*

*Co. v. Moak*, 55 F.3d 1093, 1096 n.5 (5th Cir. 1995).

### D.    The Court Should Strike Mr. Pierce's Irrelevant Testimony About Affirmative Defenses GDC Has Not Asserted.

*First*, the Court should not permit Mr. Pierce to offer his opinion ██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████    GDC never pled the affirmative defenses █████████████    with respect to the

Asserted Patents, so this testimony is irrelevant to the dispute. *See* GDC's Answer, Dkt. 19 at 41-

43.  To the extent Mr. Pierce intends to tell the jury ████████████████████████████

11

███████████████████████████████████████████████████████

██████████████████████████████████████████ this is improper.  Because these opinions address unpled affirmative defenses, they cannot meet the requirement that an expert's testimony be relevant.  *See Daubert*, 509 U.S. at 580, 597 (expert testimony must be "relevant to the task at hand"); Fed. R. Evid. 702.

**Second**, these opinions do not satisfy *Daubert* because Mr. Pierce does not support his conclusion with any reliable methodology; for example, he does not explain the foundation for any

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████ Mr. Pierce's opinions set forth in ¶¶ 28, 47-48 are altogether unreliable and unsupported, and so cannot possibly "help the trier of fact to understand the evidence."  Fed. R. Evid. 702(a).  They must be stricken.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court strike the following portions of Mr. Pierce's Report:

- Unreliable *Ipse Dixit* Testimony:  ¶¶ 4, 5(e) & (g), 24-26, 30, 32, 34-36, 38-42, 44, 47, 52-54.
- Improper Fact Witness Testimony:  ¶¶ 4, 5(f), 20-23, 25-27, 33, 38, 39, 45-46, 49, 52-54.
- Improper Mental State Testimony & Contract Interpretations:  ¶¶ 4, 24-26, 30, 33, 38-39, 41, 43, 47, 49.
- Irrelevant Testimony About Affirmative Defense GDC Has Not Asserted:  ¶¶ 28, 47-48.

DATED: January 27, 2026

/s/ *Tigran Guledjian*
Tigran Guledjian
LEAD ATTORNEY
California State Bar No. 207613
tigranguledjian@quinnemanuel.com
Scott L. Watson
California State Bar No. 219147
scottwatson@quinnemanuel.com
Christopher A. Mathews
California State Bar No. 144021
chrismathews@quinnemanuel.com
Scott A. Florance
California State Bar No. 227512
scottflorance@quinnemanuel.com
Richard H. Doss
California State Bar No. 204078
richarddoss@quinnemanuel.com
Razmig Messerian
California State Bar No. 260142
razmesserian@quinnemanuel.com
Moon Hee Lee
California State Bar No. 318020
moonheelee@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone: (213) 443-3000
Fax: (213) 443-3100

Jordan B. Kaericher
State Bar No. 24132636
jordankaericher@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
3100 McKinnon St, Suite 1125
Dallas, TX 75201
Phone: (469) 902-3600
Fax: (469) 902-3610

Of Counsel:
Claire Abernathy Henry
State Bar No. 24053063
claire@millerfairhenry.com
Andrea L. Fair
State Bar No. 24078488

13

andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*ATTORNEYS FOR PLAINTIFF PLS IV, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served on January 27, 2026 with a copy of this document via the Court's electronic CM/ECF system.

DATED: January 27, 2026                                    */s/ Tigran Guledjian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter as Dkt. No. 26 on December 10, 2024.

DATED: January 27, 2026                                    */s/ Tigran Guledjian*

## CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Rule CV-7(h), I certify that counsel for PLS IV and GDC met and conferred by video conference on January 27, 2026 in a good faith effort to resolve all issues regarding PLS IV's Motion to Strike but were unable to reach agreement. The parties are at an impasse. GDC opposes this Motion.

DATED: January 27, 2026                                    */s/ Tigran Guledjian*

15