**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PLS IV, LLC,<br><br>*Plaintiff*,<br><br>     v.<br><br>GDC TECHNOLOGY LIMITED,<br><br>*Defendant.* | Case No. 2:24-CV-00466-JRG |

**<u>REPLY IN SUPPORT OF PLAINTIFF PLS IV, LLC'S MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF BRUCE L. BLACKER</u>**

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

## TABLE OF CONTENTS

**Page**

I.     ███████████████ ROYALTY OPINIONS SHOULD BE STRICKEN ...................1

    A.    The Opinions Rely On Information GDC Admits It Failed To Disclose.................1

    B.    The Royalty Is Not Reliably Apportioned From A Lump-Sum ..............................2

II.    ███████████████████ ROYALTY OPINIONS SHOULD BE STRICKEN ..........2

    A.    GDC Cannot Show the ██████████████ Technologically Comparable ........................................................................................................2

    B.    Mr. Blacker's Royalty Base Methodology Has No Legal or Factual Support .........................................................................................................3

III.   OPINIONS ON ████████████████████████ SHOULD BE STRICKEN ............4

IV.    ████████████ AND ████████████ SHOULD BE STRICKEN .........................5

**RESTRICTED – ATTORNEYS' EYES ONLY**

i

FILED UNDER SEAL

## TABLE OF EXHIBITS

| Ex. | Description |
|-----|-------------|
| O | GDC's Third Supplemental Responses to PLS IV's First Set of Interrogatories, dated October 16, 2025 (excerpted) |
| P | Public Company Accounting Oversight Board General Auditing Standard 2805 (excerpted) |
| Q | ████████████████████████████████████ ████████ |

RESTRICTED – ATTORNEYS' EYES ONLY

ii

**FILED UNDER SEAL**

I.    ██████████████████ ROYALTY OPINIONS SHOULD BE STRICKEN

A.    **The Opinions Rely On Information GDC Admits It Failed To Disclose**

GDC *admits* it failed to disclose market share information that is required for Mr. Blacker to apportion his royalty based on ██████████████. Opp. at 8-10. GDC provides no valid excuse for this discovery violation. GDC's argument that PLS "never sought" the information, *id*. at 9, is wrong. PLS requested "all factual bases" underlying GDC's "damages amount" including any "basis for any apportionment methodology for calculating damages." Ex. O (Rog #7). GDC responded to this interrogatory but failed to disclose the market share information on which it now relies. *Id.* Moreover, the Discovery Order requires GDC to produce relevant information *without* a request for production. Dkt. 22 ¶ 3(b). Nor does it matter that ████████████████ ██████████████████ Opp. at 9. GDC was required to disclose this information in its interrogatory response—which Dr. Chong verified (*see* Ex. O)—and if it was in a document, GDC also had a separate obligation under the Discovery Order to produce it. GDC does not deny the existence of documents containing the information—unsurprising given it is unlikely market share could accurately be calculated without reliance on documents. Notably, GDC does *not* claim that the information was not in its possession during fact discovery.

GDC's admitted failure to disclose is highly prejudicial. The undisclosed information is a necessary input to Mr. Blacker's royalty opinion—without it, he has *no* basis to convert ████████ ████████ to the number he offers. Opp. at 9 (admitting Mr. Blacker needed the undisclosed information to "apportion ██████████████ to GDC"). PLS has been deprived of any ability to probe this critical information, including by deposing Dr. Chong about it. This causes severe prejudice—it limits PLS's cross-examination on Mr. Blacker's conclusions based on ██████████ ████████. ██████████████████████████████

██████████████████████████████

The Court has struck expert opinions relying on undisclosed information. Mot. at 5 (citing *Entropic*, 2023 WL 8260866, at *4; *GREE*, 2021 WL 603726, at *3). It should do so here too.

### B.    The Royalty Is Not Reliably Apportioned From A Lump-Sum

Binding Federal Circuit precedent requires exclusion when the basis for apportionment lacks *any* indicia of reliability. Mot. at 5-7. GDC fails to show that Mr. Blacker's apportionment methodology is any different than that rejected in *Ecofactor*. Like there, "[a]part from the licenses themselves, the only evidence upon which [the expert] relied was the testimony of [his client's] CEO." 137 F.4th 1333, 1343 (Fed. Cir. 2025). As in *EcoFactor*, due to the absence of any evidence, ██████ say-so "amounts to an unsupported assertion from an interested party" and "cannot provide a sufficient factual basis for [the expert] to provide a reliable opinion." *Id.* at 1344. GDC provides *no* evidence of reliable apportionment—it simply responds with attorney argument that "[g]iven his role and experience" it was reasonable for Mr. Blacker to treat ██████ say-so ██████ "as a reliable factual basis to scale the ██████ ██████ Opp. at 11. But relying on a ████ "general understanding of the space" is insufficient. *EcoFactor*, 137 F.4th at 1344. GDC does not explain how ██████ having ██████ ██████ Additionally, undocumented, unverified representations by management are not "the kind of facts or data" that "would be reasonably relied upon by an expert in [Mr. Blacker's] field" of accounting. *Jiaxing Super Lighting v. CH Lighting*, 146 F.4th 1098, 1112 (Fed. Cir. 2025) (quoting Fed. R. Evid. 703); Ex. P (Auditing Standard 2805.01-04) (oral management representations insufficient).

## II.    ██████ ROYALTY OPINIONS SHOULD BE STRICKEN

### A.    GDC Cannot Show the ██████ is Technologically Comparable

GDC admits: ██████

**FILED UNDER SEAL**

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

GDC asserts the two are technologically comparable because they are both "a security feature required for DCI compliance" (Opp. at 3), but this is just attorney argument. No witness with technical expertise offers the opinion that this (or any reason) renders them technologically comparable. What GDC is trying to do is contrary to well-established Federal Circuit law that GDC makes no attempt to distinguish. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327-28 (Fed. Cir. 2009) (patentee's reliance on various licenses in same general computer field without proving a relationship to the patented technology is insufficient as a matter of law). ████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████ GDC cannot use argument to backfill a hole in its expert case. GDC's attorneys' allegations of a "loose or vague comparability between different technologies or licenses does not suffice." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012). GDC offers no meaningful response to any of these arguments.

### B.    Mr. Blacker's Royalty Base Methodology Has No Legal or Factual Support

GDC admits "[t]he Federal Circuit has made clear that for method claims, damages must track infringing use within the limitations period." Opp. at 7 (emphasis omitted). This is exactly what Mr. Blacker concedes he did *not* do. He admittedly did not assess *use* during the damages period, despite that being the legal requirement. Instead, as GDC admits, Mr. Blacker ██████████ ████████████████████████████████████████████████████ without any basis to ███████████████████████████████████ GDC asserts Mr. Blacker's methodology is proper

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

because he supposedly does not "speculate" about whether older devices were used during the damages period. Opp. at 7. What this actually means is he did not assess the record under the proper standard—were any of these "older devices" *used* (███████) during the damages period. This is not a dispute over the interpretation of evidence. Mr. Blacker admittedly did not consider the applicable legal standard. Instead, he assumed, contrary to PLS's allegations, and the record, that ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ Both Mr. Blacker and GDC's industry expert admitted that is not the case—████████

████████████████████████████████████ Mr. Blacker cannot opine as to damages applying an incorrect legal standard. 35 U.S.C. § 284.

## III.     OPINIONS ON ████████████████████████████ SHOULD BE STRICKEN

PLS correctly stated Fifth Circuit precedent that "[l]itigation does not need to have commenced for Rule 408 to apply." Mot. at 14 (quoting *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011). That formulation does not "mischaracterize[] the rule." Opp. at 12.

GDC's assertion that there was no "actual dispute or a difference of opinion," *id.*, between ████████ and GDC flies in the face of the record. GDC does not contest that ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**RESTRICTED – ATTORNEYS' EYES ONLY**

4

**FILED UNDER SEAL**

Intertrust did exactly that and PLS, the new patent owner, filed this lawsuit. *Id.* Contrary to GDC's claim, *Deere & Co. v. Int'l Harvester Co.* supports *PLS's* argument. Opp. at 12. There, the Federal Circuit held Deere's offer to grant a license was subject to Rule 408 but that an offer made years earlier was not because "the parties agree that IH was not infringing the Schreiner patent at the time." 710 F.2d 1551, 1556 (Fed. Cir. 1983). Not so here. And, Mr. Dell's opinions do not render ▮▮▮▮▮ admissible. ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

GDC's assertion Mr. Blacker relies on ▮▮▮▮ not "to prove or disprove the . . . amount of a disputed claim," is disproven by GDC's admission that Mr. Blacker relies on ▮▮▮▮ as evidence ▮▮▮▮▮▮▮▮▮

▮▮▮ Finally, GDC did not move to strike Mr. Dell's reliance on the ▮▮▮▮▮ under Rule 408, so raising these opinions in its opposition is a non-sequitur. Opp. at 14. Anyway, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ GDC provides no basis why such use violates Rule 408. It does not, and differs substantially from ▮▮▮▮▮▮▮▮▮▮▮ .

IV.   ▮▮▮▮▮ AND ▮▮▮▮▮ **SHOULD BE STRICKEN**

*Sunoco Partners*, where the damages expert checked its royalty against a "$1.714 million figure *calculated* from a prior license," Opp at 14 (emphasis added), does not provide support for Mr. Blacker's testimony about ▮▮▮▮▮▮▮▮▮▮▮ , neither of which Mr. Blacker opines are comparable nor makes any attempt to adjust to match up to the hypothetical negotiation. This information is irrelevant to damages.

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

DATED: February 18, 2026

*/s/ Tigran Guledjian*
Tigran Guledjian
LEAD ATTORNEY
California State Bar No. 207613
tigranguledjian@quinnemanuel.com
Scott L. Watson
California State Bar No. 219147
scottwatson@quinnemanuel.com
Christopher A. Mathews
California State Bar No. 144021
chrismathews@quinnemanuel.com
Scott A. Florance
California State Bar No. 227512
scottflorance@quinnemanuel.com
Richard H. Doss
California State Bar No. 204078
richarddoss@quinnemanuel.com
Razmig Messerian
California State Bar No. 260142
razmesserian@quinnemanuel.com
Moon Hee Lee
California State Bar No. 318020
moonheelee@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone: (213) 443-3000
Fax: (213) 443-3100

Jordan B. Kaericher
State Bar No. 24132636
jordankaericher@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
3100 McKinnon St, Suite 1125
Dallas, TX 75201
Phone: (469) 902-3600
Fax: (469) 902-3610

Of Counsel:
Claire Abernathy Henry
State Bar No. 24053063
claire@millerfairhenry.com
Andrea L. Fair
State Bar No. 24078488

**RESTRICTED – ATTORNEYS' EYES ONLY**

6

**FILED UNDER SEAL**

andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*ATTORNEYS FOR PLAINTIFF PLS IV, LLC*

**RESTRICTED – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served on February 18, 2026 with a copy of this document via the Court's electronic CM/ECF system.

DATED: February 18, 2026                                        */s/  Tigran Guledjian*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter as Dkt. No. 26 on December 10, 2024.

DATED: February 18, 2026                                        */s/  Tigran Guledjian*

**RESTRICTED – ATTORNEYS' EYES ONLY**